RAMÓN LLOVERAS SOLER, Plaintiff and Appellant, v. JOSÉ FERNÁNDEZ ET AL., Defendants and Appellees.

No. 6011. Argued May 5, 1933.—Decided July 18, 1933.

Juan B. Soto for appellant. Celestino Iriarte and F. Fernández Cuyar for appellee José Morán.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is an action for damages. The plaintiff, Lloveras, is the owner of the "Cine Puerto Rico" situated in Santurce, San Juan. He leased it to the defendant Francisco Rodríguez. Rodríguez failed to pay the rent, and an unlawful detainer proceeding was brought against him. Judgment was rendered against the tenant, and when its execution was attempted, the "Compañía Teatral de Santurce," of which Rodríguez is a partner, brought suit alleging that the lease had been assigned to it and the plaintiff in the unlawful detainer proceeding had consented to the assignment; and that it had not been made a party to the said proceeding. As a provisional remedy in aid of its suit, it obtained a stay of execution of the judgment rendered in the dispossession proceeding. After said suit had gone through all its stages it was finally decided against the "Compañía Teatral," and then Lloveras brought the action herein to recover damages which he alleged to have suffered in consequence of the unjustifiable suit of that company. The trial was held and the court, holding that the alleged damages had not been established by the evidence, rendered judgment against the plaintiff, who thereupon appealed to this court. He assigns in his brief three errors, thus:

"1.—The District Court for the Judicial District of San Juan erred in holding that in accordance with the decisions of the Supreme Court of Puerto Rico the real and positive existence of the damages claimed must be proved by evidence which leaves no room for doubt.

"2.—The court committed manifest error in finding that the damages alleged in the complaint had not been proved.

"3.—The court erred in rendering judgment for the defendants."

In discussing the first assignment, he says in part as follows:

"On pages 23 to 24 of the Transcript of the Judgment Roll, in the opinion delivered by the court in deciding this case, we find the following:

" 'Before discussing the various items of damages which the plaintiff claims to have suffered, we shall proceed to state the principles of law which our Supreme Court has laid down with respect to the truth of the real and positive existence of the damages, in order to examine in the light of these principles the evidence for the plaintiff and determine if he has in fact sufficiently proved his allegations so as to afford a basis to this court for rendering judgment against the defendants.

" ' "In order that a person may be adjudged to pay a fixed sum as damages for the nonperformance of a contract, the party claiming the same must place the trial court in a position to enable it to determine what amount ought to be paid *by submitting evidence which leaves no room for doubt.*" *Roig* v. *Pérez,* 27 P.R.R. 281.

" ' "It is a well-settled rule that when damages are claimed by reason of the fault or negligence of another person it is necessary to allege and prove that real and positive damages were caused." *Rivera* v. *Martínez,* 26 P.R.R. 692.

" ' "In order successfully to demand indemnity for damages and losses it is not sufficient to allege damage and loss, but it must be shown that such damage and loss has been occasioned as a result of the acts of the parties from whom demanded, and that they be alleged and proved definitely and positively." *Paniagua* v. *Sobrinos de Ezquiaga,* 14 P.R.R. 776.

" 'We shall examine in the light of the above principles the various items of damages claimed by the plaintiff in the same order in which they were set out in the complaint.'

"As may be seen, the court desired to fix the principles which it must apply in deciding the scope and sufficiency of the evidence regarding the damages. And in doing so it established, in the first instance, as a legal standard to be followed, that the damages must be proved beyond a reasonable doubt; that is, *by submitting evidence which leaves no room for doubt.* (Italics by the court.) Such a standard is absolutely false, and being established by the court as a rule to follow in weighing the merits and value of the evidence introduced by the plaintiff, the court has committed a serious error highly prejudicial to said plaintiff, who has the right that the scope and value of his evidence be determined in accordance with the theory of preponderance and not with that of reasonable doubt."

The court cited the doctrine of the *Roig* case, *supra,* such as it appears in the syllabus thereof, which really goes beyond the holding in the text of the opinion, to wit:

"In order that a person may be adjudged to pay a fixed sum as damages for the nonperformance of a contract, the party setting up the claim must place the trial court in a position to enable it to determine what amount really ought to be paid."

But if the rest of the opinion of the district court is read, it will be observed that after setting forth the language quoted in the appellant's brief, the court went on to examine one by one of the sums claimed as damages on various grounds, and weighing the evidence introduced in support thereof, it made the reasoned findings which led it to wholly dismiss the complaint on the merits.

That being so, the erroneous citation and the underscoring by the court can not have the extraordinary importance attributed to it by the appellant; so extraordinary that in discussing the second assignment, namely, the error committed, as he claims, by the district court "in finding that the damages alleged in the complaint had not been proved," he confined himself substantially to the following statement:

"The court having fixed as a controlling standard in determining the scope of the evidence introduced by the plaintiff regarding the damages, that the latter must be proved beyond a reasonable doubt, it must be inferred that the findings of fact made in that respect by the lower court conform to such a standard and hence are erroneous."

And in arguing the third and last assignment in which it is urged that the court erred "in rendering judgment for the defendants," he maintains that—

"The third of the errors assigned is a consequence of the first and second, for if the lower court started from erroneous principles in rendering judgment for the defendants, the conclusion is unavoidable that said judgment is erroneous and should be reversed."

Under those circumstances, having examined the analysis of the evidence made by the trial court and finding the same to be in accord with the facts and the law, we can not decree the reversal sought.

The appeal must be dismissed and the judgment appealed from affirmed.